IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RUSSELL GRANT, LAWRENCE W. FRYER, and LESLIE HASTINGS, *Plaintiffs*, | § § § § |
| vs. | § Civil Action No. SA06CA1099FB § |
| GONZALES COUNTY, TEXAS, *Defendant*. | § § § |

FILED
2006 DEC 14  P 3: 22
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

## PLAINTIFFS' ORIGINAL COMPLAINT

The Plaintiffs complain here of the actions of Defendant Gonzales County, Texas, in its conduct of the general election completed on November 7, 2006. The grounds follow.

**Preliminary statement**

1. Despite the requirements of Section 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973c Gonzales County changed the Election Day polling place for Election Precinct No. 2 (the county election precinct with the largest concentration of registered African-American voters) without seeking or obtaining advance preclearance for the change from either the United States Department of Justice or a United States District Court for the District of Columbia,. The Plaintiffs seek: (a) a declaration that the Election Precinct 2 polling place change is legally ineffective unless and until precleared (either administratively or judicially); and (b) an injunction requiring the County to submit the polling place change expeditiously for preclearance. The Plaintiffs further seek preliminary injunctive relief that prohibits the candidate elected to Gonzales County Commissioner Place 2 in the election concluded on November 7, 2006, from taking office until and unless the challenged polling place change receives clearance under

Section 5 of the Voting Rights Act of 1965, as amended. Further, in the event that the polling place change is denied clearance under Section 5 of the Voting Rights Act, the Plaintiffs seek an injunction, requiring the County to conduct a new general election for the position of Gonzales County Commissioner Place 2 for the term that was supposed to begin on January 1, 2007.

**Parties**

2.  Plaintiff Russell Grant is a resident of Gonzales County, Texas. He is a registered voter in Gonzales County Election Precinct No. 2 and was so registered at the time of the general election concluding on November 7, 2006. He is African-American.

3.  Plaintiff Lawrence W. Fryer is a resident of Gonzales County, Texas. He is a registered voter in Gonzales County Election Precinct No. 2 and was so registered at the time of the general election concluding on November 7, 2006. He is African-American.

4.  Plaintiff Leslie Hastings is a resident of Gonzales County, Texas. He is a registered voter in Gonzales County Election Precinct No. 2 and was so registered at the time of the general election concluding on November 7, 2006. He is African-American.

5.  Defendant Gonzales County, Texas (sometimes, "County"), is a political subdivision of the State of Texas. It may be served with process through its County Judge, David Bird, 414 St. Joseph Street, Suite 200, Gonzales, Texas 78629.

**Venue**

6.  Venue is proper in this district and division under 28 U.S.C. §§ 124(d)(4) and 1391(b).

**Jurisdiction and three-judge court**

7. The Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 2201, and 2202 and 42 U.S.C. §§ 1973c and 1973j(f). Under 28 U.S.C. § 2284 and 42 U.S.C. § 1973c(a), a three-judge court must be convened to sit as a district court to hear and determine this action.

**Factual allegations**

8. Russell Grant, an elected, current member of the city council of the City of Gonzales, was a candidate for Place 2 on the Gonzales County Commissioners Court for the four-year term that commences on January 1, 2007. If elected, he would be the first African-American member of the Gonzales County Commissioners Court in the modern era.

9. Grant won the Democratic Party primary in March, 2006, defeating the Anglo incumbent in County Commissioner Place 2. The Republican Party did not nominate any candidate to run for that position in the November, 2006, general election.

10. At some point after the party primaries, an active write-in campaign for the County Commissioner Place 2 position began on behalf of Donnie R. Brzozowski. Brzozowski is Anglo; he identified himself as an Independent in the course of his write-in campaign.

11. Brzozowski defeated Grant in the general election. The final results were announced, and the winner declared, on November 28, 2006, following a recount. Brzozowski won by 145 votes.

12. County Commissioner Place 2 contains three county election precincts (Nos. 2, 9, and 11). One of these county election precincts, election precinct No. 2, has the highest concentration of registered African-American voters in Gonzales County.

13. The final results of the general election for the County Commissioner Place 2 seat are tabulated below, broken down by election precinct, with separate early voting and election day totals:

**Early voting ballots**

| Precinct # | R. Grant | D. Brzozowski | total |
|---|---|---|---|
| 2 | 246 | 277 | 523 |
| 9 | 120 | 148 | 268 |
| 11 | 12 | 47 | 59 |
| total | 378 | 472 | 850 |

**Election day ballots**

| Precinct # | R. Grant | D. Brzozowski | total |
|---|---|---|---|
| 2 | 110 | 143 | 253 |
| 9 | 96 | 88 | 184 |
| 11 | 11 | 37 | 48 |
| total | 217 | 268 | 485 |

As indicated in the table, a total of 253 votes were cast in election precinct 2 for Grant and Brzozowski, combined, on election day, with Brzozowski receiving 33 more votes.

14. For at least a quarter century before this past November general election day in Gonzales County, the general election day polling place for precinct 2 had been the American Legion hall at 1612 North Robertson Street. Robertson Street is one of the principal streets in the principal predominantly African-American neighborhood in the City of Gonzales, and voters in the African-American community had become quite familiar with the hall over the years as the place to go to vote on general election day.

15. For *this* general election day, however, the County changed the polling place for precinct 2. It moved the polling place from the long-familiar American Legion hall to the Emmanuel Fellowship and School, located at 817 Saint Lawrence Street in the City of Gonzales. The location of this private elementary and secondary school is at the extreme southeast edge of the predominantly African-American community and neighborhood and is not along a regular and familiar thoroughfare for voters and residents from that community.

16. The County instituted this polling place change quietly, with little fanfare or notice, on or about September 22, 2006. That is the day that it first notified the Texas Secretary of State of its planned polling place switch. The explanation given the Secretary of State's for the switch was that "we have had scheduling problems here before." A few days later, the County indicated that the relocation of the precinct 2 polling place was "due to conflict of use of American Legion Hall."

17. The State of Texas and all its political subdivisions became subject to the preclearance requirements of Section 5 of the Voting Rights Act on November 1, 1972. They still are subject to its requirements.

18. The switch of the polling place for election precinct 2 for the general election of November 7, 2006, is a change in electoral practices and procedures that is subject to the preclearance requirements of Section 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973c. As a result of that statute, the change of the precinct 2 polling place from the American Legion Hall to Emmanuel Fellowship and School could not be legally effective until and unless the change was submitted to either the United States Department of Justice ("DOJ") or a United States District Court for the District of

5

Columbia for an advance determination, prior to use of the new polling place, whether the County had established that the switch did not have either the purpose or the effect of denying or abridging the right to vote on account of race. In short, the location of polling places are covered under the preclearance requirements of Section 5 of the Voting Rights Act, and, as a matter of federal law, any change in them cannot take effect until and unless preclearance (either administrative or judicial) is obtained.

19. The County has never initiated a request for either administrative or judicial preclearance of the change in polling place for election precinct 2 for the November 7th general election day. That is, it has not made a submission to DOJ, requesting preclearance of the change, and it has not filed an action for declaratory judgment in federal district court in Washington, D.C., seeking preclearance of the change. Hence, the County's use of the Emmanuel Fellowship and School as the November 7th election day polling place for county election precinct 2 was, and remains today, illegal and without effect.

**Legal claim: Violation of Section 5 of the Voting Rights Act of 1965, as amended**

20. Based upon the foregoing factual allegations, the County violated, and remains in violation of, 42 U.S.C. § 1973c in the designation and use of the Emmanuel Fellowship and School as the November 7th election day polling place for county election precinct 2.

**Request for relief**

21. In light of the foregoing matters, Plaintiffs Grant, Fryer, and Hastings urge the Court to grant the following relief:

    a.    a preliminary injunction, requiring the County to submit the polling place change for county election precinct 2 for preclearance under 42 U.S.C. §

1973c, either to DOJ or through the filing of declaratory judgment action in the United States District Court for the District of Columbia, within thirty days;

b. a preliminary injunction, prohibiting the County from permitting the candidate declared under state law the winner of the election for Gonzales County Commissioner Place 2 to take office until and unless the County both seeks and obtains preclearance under 42 U.S.C. § 1973c of the polling place change it has instituted for county election precinct 2;

c. a permanent injunction, prohibiting the polling place change the County has instituted for county election precinct 2 from having any effect in the event that preclearance is denied under 42 U.S.C. § 1973c;

d. a permanent injunction, requiring a new election for County Commissioner Place 2 for the term beginning January 1, 2007, in the event that preclearance is denied under 42 U.S.C. § 1973c;

e. an award of attorney fees to Plaintiffs under 42 U.S.C. § 1973*l*(e); and

f. an award of court costs.

Respectfully submitted,

Max Renea Hicks
Attorney at Law
State Bar No. 09580400

1250 Norwood Tower
114 West 7th Street
Austin, Texas 78701
(512) 480-8231
fax: (512) 480-9105
e-mail: rhicks@renea-hicks.com

ATTORNEY FOR PLAINTIFFS GRANT, FRYER, AND HASTINGS