IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUSSELL GRANT, LAWRENCE W. FRYER, and LESLIE HASTINGS, *Plaintiffs*, | § § § § | SA06CA1099 FB |
| vs. | § | Civil Action No. _____ |
| GONZALES COUNTY, TEXAS, *Defendant*. | § § § § | |

**REQUEST FOR CONVENING OF THREE-JUDGE DISTRICT COURT**

Plaintiffs Grant, Fryer, and Hastings have filed this day Plaintiffs' Original Complaint.[*] Their claim is that Defendant Gonzales County has sought to administer a change in election procedures – in the form of a change in polling places for a county election precinct for the general election day of November 7, 2006 – without seeking and obtaining the required preclearance of such a change as required by 42 U.S.C. § 1973c.

Under 42 U.S.C. § 1973c(a), claims that an electoral change is covered by 42 U.S.C. § 1973c, and that § 1973c has been violated, are to be determined by a three-judge district court. *See, e.g., Allen v. State Board of Elections*, 393 U.S. 544, 563 (1969); *Sumter County Democratic Executive Comm. v. Dearman*, 514 F.2d 1168, 1170 (5th Cir. 1975). The procedures governing designation of such a three-judge court are set out in 28 U.S.C. § 2284.

Therefore, Plaintiffs request that a three-judge court be convened to determine their claim, including their request for a preliminary injunction.

---

[*] The plaintiffs anticipate filing an Application for Preliminary Injunction on December 15, 2006, seeking the relief requested in ¶¶ 21.a and 21.b of Plaintiffs' Original Complaint. Only time and travel constraints have prevented the Application being filed on the same day as the Original Complaint and this Request for Convening of Three-Judge District Court.

Respectfully submitted,

Max Renea Hicks
Attorney at Law
State Bar No. 09580400

1250 Norwood Tower
114 West 7th Street
Austin, Texas 78701
(512) 480-8231
fax: (512) 480-9105
e-mail: rhicks@renea-hicks.com

ATTORNEY FOR PLAINTIFFS GRANT,
FRYER, AND HASTINGS