UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RUSSELL GRANT, LAWRENCE W. FRYER, and LESLIE HASTINGS, <br><br> Plaintiffs, <br><br> v. <br><br> GONZALES COUNTY, TEXAS, <br><br> Defendant. | CIVIL NO. SA-06-CA-1099-FB |

## ADVISORY

Came on this day to be considered, the request of plaintiffs Russell Grant, Lawrence W. Fryer, and Leslie Hastings for convening of three-judge district court[1] as well as their complaint,[2] and combined application for preliminary injunction, supporting memorandum, and request for expedited hearing.[3] The Court enters this Advisory to provide notice as to the initial handling of plaintiffs' request for injunctive relief and convening of a thee-judge panel.

**Procedural History**

This action was initiated on December 14, 2006, when plaintiffs filed their original complaint alleging, in sum, that defendant Gonzales County, Texas

> changed the Election Day polling place for Election Precinct No. 2 (the county election precinct with the largest concentration of registered African-American voters) without seeking or obtaining advance preclearance for the change from

---

[1] Docket no. 2.

[2] Docket no. 1.

[3] Docket no. 3.

either the United States Department of Justice or a United States District Court for the District of Columbia.[4]

Plaintiffs seek a declaration that the polling place change is "legally ineffective unless and until" properly precleared as provided by the Voting Rights Act, its progeny, and interpretative case law;[5] and,

(a) a preliminary injunction, requiring Gonzales County to submit the polling place change for county election precinct 2 for preclearance under 42 U.S.C. § 1973c either to DOJ or through the filing of declaratory judgment action in the United States District Court for District of Columbia, within thirty days;

(b) a preliminary injunction, prohibiting the County from permitting the candidate declared under state law the winner of the election for Gonzales County Commissioner Place 2 to take office until and unless the County both seeks and obtains preclearance under 42 U.S.C. § 1973c of the polling place change it has instituted for county election precinct 2;

(c) a permanent injunction, prohibiting the polling place change the County has instituted for county election precinct 2 from having any effect in the event that the preclearance is denied under 42 U.S.C. § 1973c;

(d) a permanent injunction, requiring a new election for County Commissioner Place 2 for the term beginning January 1, 2007, in the event that preclearance is denied under 42 U.S.C. § 1973c);

(e) an award of attorney fees to Plaintiff's under 42 U.S.C. § 1973l(e); and

(f) an award of court costs.[6]

On December 14, 2006, plaintiffs also filed a request for appointment of a three-judge district court, arguing that under § 1973c, "claims that an electoral change is covered by [§

---

[4] Docket no. 1 at 1.

[5] Id.

[6] Id. at 6-7.

1973c], and that § 1973c has been violated, are to be determined by a three-judge district court."[7] Plaintiffs contend the procedure for designating a three-judge district court is governed by 28 U.S.C. § 2284.[8]  On December 15, 2006, plaintiffs filed their combined application for preliminary injunction, supporting memorandum of law, and request that a preliminary injunction issue "before January 1, 2007."[9]

On December 21, 2006, summons was issued as to Gonzales County.[10]  On December 26, 2006, the District Court signed an order referring the case to the undersigned "for disposition of all pretrial matters including any request for injunctive relief.[11]  On December 26, 2007, plaintiffs filed proof of service showing Gonzales County was served on December 21, 2006.[12]

**Discussion**

Although plaintiffs have asked for an expedited hearing on their application for injunctive relief and further ask that a preliminary injunction issue before January 1, 2007, plaintiffs' complaint indicates that the claims concern a general election conducted on November 7, 2006; plaintiffs have provided no explanation as to why their suit was not filed earlier than December 14, 2006, to potentially seek to stop the individual elected to fill the position of Commissioner Place 2 from being sworn in on January 1, 2007.  Plaintiffs are seeking the issuance of a

---

[7] Docket no. 2 at 1.

[8] Id.

[9] Docket no. 3.

[10] Docket no. 4.

[11] Docket no. 5.

[12] Docket no. 6.

preliminary injunction, not the ex parte relief provided by a temporary restraining order. Rule 65, Federal Rules of Civil Procedure, precludes injunctive relief without prior notice to Gonzales County.[13]  As Gonzales County was first served with process on December 21, 2006, the County has not yet had an opportunity to answer plaintiffs' complaint or respond to the application for injunctive relief under the standard rules used to compute times to answer, file a responsive pleading, and file a response to a motion.  Plaintiffs had exclusive control as to the timing of effective service on defendant, as the timing of the filing of their complaint.

Further, plaintiffs have cited authority suggesting that only a three-judge court can consider whether to grant their requested injunctive relief.[14]  Pursuant to 28 U.S.C. § 2284, it appears the undersigned at best can recommend the District Judge whether he should ask the Chief Judge of the United States Court of Appeals for the Fifth Circuit to designate a three-judge court, but should not address the merits of any requested injunctive relief for which the three-judge panel is required.  In the meantime, as plaintiffs have not requested ex parte injunctive relief, an expedited time for the County to file a response to their motion for preliminary injunction, or demonstrated other expedition is required, Gonzales County's time to respond to plaintiffs' request for three-judge court and application for injunctive relief has not yet expired and the County should be afforded an opportunity to respond before the Court should make a determination as to whether a three-judge court is required or the merits of the requested relief. Plaintiffs have not demonstrated that any other course of action is required.  Accordingly,

---

[13] FED. R. CIV. P. 65(a).

[14] Docket no. 2 at 1 (citing Allen v. State Board of Elections, 393 U.S. 544, 89 S.Ct. 817 (1969)); docket no. 3 at 3 (citing Perkins v. Matthews, 400 U.S. 379, 91 S.Ct. 431 (1971)).

plaintiffs should not anticipate a hearing on their application for injunctive relief or entry of a preliminary injunction before January 1, 2007.

**ORDERED, SIGNED** and **ENTERED** this 27th day of December, 2006.

_____
PAMELA A. MATHY
UNITED STATES MAGISTRATE JUDGE