UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **RUSSELL GRANT, LAWRENCE W. FRYER, and LESLIE HASTINGS,**<br><br>       Plaintiffs,<br><br>v.<br><br>**GONZALES COUNTY, TEXAS,**<br><br>       Defendant. | CIVIL NO. SA-06-CA-1099-FB |

**ORDER**

Came on this day to be considered the status of this case.

**Procedural History**

This action was initiated on December 14, 2006, when plaintiffs filed their original complaint alleging, in sum, that defendant Gonzales County, Texas

> changed the Election Day polling place for Election Precinct No. 2 (the county election precinct with the largest concentration of registered African-American voters) without seeking or obtaining advance preclearance for the change from either the United States Department of Justice or a United States District Court for the District of Columbia.[1]

Plaintiffs seek a declaration that the polling place change is "legally ineffective unless and until" properly precleared as provided by the Voting Rights Act, its progeny, and interpretative case law;[2] and,

> (a)   a preliminary injunction, requiring Gonzales County to submit the polling place change for county election precinct 2 for preclearance under 42 U.S.C. § 1973c either to DOJ or through the filing of

---

[1] Docket no. 1 at 1.

[2] Id.

          declaratory judgment action in the United States District Court for District of Columbia, within thirty days;

(b)    a preliminary injunction, prohibiting the County from permitting the candidate declared under state law the winner of the election for Gonzales County Commissioner Place 2 to take office until and unless the County both seeks and obtains preclearance under 42 U.S.C. § 1973c of the polling place change it has instituted for county election precinct 2;

(c)    a permanent injunction, prohibiting the polling place change the County has instituted for county election precinct 2 from having any effect in the event that the preclearance is denied under 42 U.S.C. § 1973c;

(d)    a permanent injunction, requiring a new election for County Commissioner Place 2 for the term beginning January 1, 2007, in the event that preclearance is denied under 42 U.S.C. § 1973c);

(e)    an award of attorney fees to Plaintiff's under 42 U.S.C. § 1973l(e); and

(f)    an award of court costs.[3]

On December 14, 2006, plaintiffs also filed a request for appointment of a three-judge district court, arguing that under § 1973c, "claims that an electoral change is covered by [§ 1973c], and that § 1973c has been violated, are to be determined by a three-judge district court."[4] Plaintiffs contend the procedure for designating a three-judge district court is governed by 28 U.S.C. § 2284.[5] On December 15, 2006, plaintiffs filed their combined application for preliminary injunction, supporting memorandum of law, and request that a preliminary injunction issue "before January 1, 2007."[6]

---

[3] Id. at 6-7.

[4] Docket no. 2 at 1.

[5] Id.

[6] Docket no. 3.

On December 21, 2006, summons was issued as to Gonzales County.[7] On December 26, 2006, the District Court signed an order referring the case to the undersigned "for disposition of all pretrial matters including any request for injunctive relief.[8] On December 26, 2007, plaintiffs filed proof of service showing Gonzales County was served on December 21, 2006.[9] On December 27, 2006, the Court issued an advisory which, among other things, informed the parties of the undersigned's practical and legitimate concerns regarding the timeliness of rulings regarding a requested emergency injunctive relief, given the possible need for the constitution of a three-judge panel and, even if no three-judge panel were to be required, the inability of the undersigned, as a United States Magistrate Judge, to order a preliminary injunction in this case, and the limitation in the undersigned's authority to recommend, with time for objections and review of objections, relief be awarded or not.[10]

**Discussion**

On January 11, 2007, defendant filed an original answer to plaintiffs' original complaint.[11] The docket sheets do not reflect that defendant has filed responses to the motions pending in this case which appear to include plaintiffs' "motion for convening of three-judge

---

[7] Docket no. 4.

[8] Docket no. 5.

[9] Docket no. 6.

[10] Docket no. 7.

[11] Docket no. 8.

district court"[12] and plaintiffs' "application for preliminary injunction, supporting memorandum of law, and request for expedited hearing."[13]

Upon consideration thereof,

**IT IS ORDERED** that, if not already accomplished, defendant must file and serve any response and opposition to plaintiffs' pending motions, listed above, on or before **January 22, 2007**.

**ORDERED, SIGNED** and **ENTERED** this 12th day of January, 2007.

_____
PAMELA A. MATHY
UNITED STATES MAGISTRATE JUDGE

---

[12] Docket no. 2.

[13] Docket no. 3.