IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RUSSELL GRANT, LAWRENCE W. FRYER, and LESLIE HASTINGS §§§§ *Plaintiff* | |
| Vs. § | Civil No. SA-06-CA-1099-FB |
| GONZALES COUNTY, TEXAS, §§§ *Defendant* | Jury Demand |

### DEFENDANT GONZALES COUNTY'S RESPONSE TO ORDER OF JANUARY 12, 2007

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Gonzales County, Texas, Defendant in the above entitled and numbered cause, and files this Response to an Order of the Court dated January 12, 2007, calling for a response to pending Motions of the Plaintiffs herein. In response thereto would respectfully show this Court as follows:

1. Three Judge Panel

Defendant does not dispute the jurisdictional allegations of the Plaintiffs, nor does the Defendant deny that a three judge panel is an available remedy under the Voting Rights Act. Defendant does, however, assert that the County has now made a submission of the relocation of the polling place as required by the Voting Rights Act. Resolution of the preclearance matter should resolve the merits of the Plaintiffs' claims in the present lawsuit without the convocation of a three judge panel.

2. Preliminary Injunction

   a. Without being Ordered to do so, Gonzales County has made a submission for

      preclearance to the United States Department of Justice. A copy of the same has been provided to opposing counsel, and the same is attached to this Response as Exhibit A, and incorporated herein by Reference.

b. The individual elected in the November 7, 2006 election to the Office of County Commissioner for Precinct 2, i.e. Donnie Brzozowski, has assumed the office of County Commissioner by filing an oath and bond, as required by state law. The County has no inherent power to deny a seat to a person duly elected by the voter and who qualifies for office by taking the required oath and posting a bond. In the absence of a restraining Order issued by a court of competent jurisdiction, the County has no legal ability to deny office to Mr. Brzozowski. In essence, the Motion for Preliminary Injunction is now moot.

c. As noted, the County has filed a submission for preclearance of the polling place relocation from the American Legion to the Emmanuel Fellowship, and expedited consideration has been requested. See Exhibit A attached hereto and incorporated herein by reference.

d. Should the polling place relocation be denied, Plaintiffs' request for the convening of a three judge panel to craft other relief may be appropriate, but should preclearance be granted, there is no substantive violation of either the rights of the Plaintiffs herein, nor of any other individual residing in Gonzales County. As such, preliminary injunctive relief is inappropriate.

e. Until the Department of Justice has made a determination regarding preclearance, the issue of attorneys' fees, under the circumstances, is inappropriate. The failure of the County to submit the relocation of polling

      places to federal preclearance was inadvertent and unintentional. If preclearance is granted, there should be no justification for attorneys' fees. If preclearance is denied, the Court may then fashion suitable relief.

3. Legal Arguments against Vacating Election Results:

A lack of formalities in election location procedures has been addressed by Texas Courts. *May v. State*, 65 S.W.132 (Tex.Cr.App. 1901), involved allegations of illegal voting. In that case, the contention was made that the designation of a polling place by the Commissioners Court was mandatory, and that use of any other place than that designated by the Commissioners Court rendered the election void. This contention was rejected by the Court, with the rationale that even though a polling place might lack certain formalities, where there is a basis for the new location, and there is evidence that the place actually used as a polling place is the "usual" place for voting, the election will be deemed legal.

In prior cases, where necessity required the relocation of a polling place, absent evidence that voters were substantially misled, or that persons were prevented from voting by the change, there has generally been no finding of a void election. See *Ex Parte White*, 28 S.W.542 (Tex.Cr.App. 1894); *Ex Parte Segars*, 25 S.W.26 (Tex.Cr.App. 1894).

In *Roper v. Scurlock*, 69 S.W.456 (Tex.Civ.App. 1902), when the place actually designated by the Commissioners Court could not be used for a voting place, and another place only a short distance away was used, and where the evidence was that voters knew where the new location was located, and there being no fraud shown, the election was proper.

In *Des Champ v. Featherson*, 886 S.W.2d 536 (Tex.Civ.App. 1994), a polling place was moved on the morning of the election upon the action of the election Judge. The Court held that provisions regarding time and place for holding elections are usually mandatory, but that

circumstances will play a large role in determining the proper remedy for a breach. The Court discussed the various options, and held that the relocation of the polling place was a de minimus violation of the rules regarding elections, and refused to order new elections. This case is of particular interest since Section 5 violations of the federal Voting Rights Act were alleged.

As noted in the submission documentation, under Tab II, there is no evidence that the relocation of the polling place from the former location (American Legion) to the new location (Emmanuel Fellowship) resulted in a lower turnout of minority voters, denied any particular voter of the right to vote, or that the outcome in other precincts, where the majority of votes cast for the Plaintiffs' opposition, would have been overcome by a sufficient number of additional votes for the Plaintiffs.

Under these circumstances, there is no real basis for vacating the outcome of the election, or to enjoin the full exercise of all rights of office by the winning candidate.

## PRAYER

Wherefore, premises considered, Defendant Gonzales County prays that at the trial hereof, this Court deny the relief as requested by the Plaintiffs and that this Court Order that Plaintiffs pay the attorneys fees and costs incurred by Defendant Gonzales County in defending this action.

Respectfully submitted,

*/s/ Robert T. Bass*
_____
Robert T. Bass
SBN: 01880400

Allison, Bass & Associates L.L.P.
A.O. Watson House
402 W. 12th Street
Austin, Texas  78701
(512) 482-0701 Phone
(512) 480-0902 Fax

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Defendant Gonzales County's Response to the Court's Order of January 22, 2007 was delivered to the following via electronically:

Max Renea Hicks
Attorney at Law
1250 Norwood Tower
114 West 7th Street
Austin, Texas 78701

/s/ Robert T. Bass

Robert T. Bass