request to the district court for a new election to take place without the invalid change in place. *Id.* at 193.

But for one additional step addressed in the next paragraph, the *Berry v. Doles* remedy should be this Court's remedy in response to this application for preliminary injunction. The County should be given 30 days to submit its proposed change of polling location for County Election Precinct No. 2 to either the federal court in the District of Columbia or DOJ for preclearance. If the polling location change is approved under Section 5, then the matter should come to an end.[3] If it is denied, however, or if the County fails to meet the 30-day deadline for submission, then the Court should reconvene to determine whether a new general election should be conducted for Gonzales County Commissioner Place 2 – and the plaintiffs would be strenuously arguing that it should.

2.     *The Court should maintain the pre-election status quo pending the preclearance decision, by prohibiting the County from filling the Place 2 seat for the new 4-year term in the interim.*

There is one additional element pertinent to this case that needs to be addressed in the preliminary injunction stage. Given that the basic rule for covered but unprecleared changes under Section 5 is that they are not effective as a matter of federal law until they are approved by a District of Columbia federal forum, then the election for County Commissioner Place 2 cannot be "completed" until the polling place change matter is approved. Therefore, there should be no interim seating of a new person in that position for the new term that begins January 1, 2007, while awaiting action on the judicially-ordered submission of the change.

---

[3] The Court still would need to address the question of attorney fees for the plaintiffs under 42 U.S.C. § 1973*l*(e) and of court costs.

6

That is why the Court should preliminarily enjoin the County from seating a person for the new term until either approval of the change is given or, absent that, further order of this Court on the question of whether a new election is to be ordered.[4] This proposed remedy is modeled on *Brooks v. Georgia State Board of Elections*, 790 F.Supp. 1156 (S.D. Ga. 1992), in which the district court authorized incumbent state judges to holdover in office following denial of Section 5 preclearance to an electoral change but, at the same time, would not allow the filling of the new judgeships created by the legislation denied preclearance.

## VI.   CONCLUSION

The Court should enter the preliminary injunction requested here, but defer any final judgment on the need for a new election until the Section 5 preclearance process is complete. If, after entry of the requested preliminary injunction, preclearance is obtained for the change of polling location for County Election Precinct No. 2, then the case is at an end (but for plaintiffs' attorney fee and cost issues). If preclearance is denied (or not even timely sought by the County), then the Court should conduct a remedy hearing on whether a new election for Commissioner Place 2 is appropriate.

---

[4] As a consequence of such an injunction, the current officeholder for County Commissioner Place 2 would holdover. *See* TEX. CONST. art. XVI, § 17 ("officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified").

7

Respectfully submitted,

___/s/ Renea Hicks_____
Max Renea Hicks
Attorney at Law
State Bar No. 09580400

1250 Norwood Tower
114 West 7th Street
Austin, Texas 78701
(512) 480-8231
fax: (512) 480-9105
e-mail: rhicks@renea-hicks.com

ATTORNEY FOR PLAINTIFFS GRANT,
FRYER, AND HASTINGS

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of December, 2006, a copy of the foregoing pleading was e-mailed to the Clerk of the Court. The electronic filing constitutes service of the filing to all counsel of record in this case who have obtained CM/ECF passwords. I further certify that on this 15th day of December, 2006, I forwarded a copy of the foregoing pleading (as well as Plaintiffs' Original Complaint and Request for Convening of Three-Judge District Court, filed on December 14, 2006) by both fax and first class mail to the following attorney:

Robert B. Scheske, County Attorney
Gonzales County
514 St. Paul Street
Gonzales, Texas 78629

___/s/ Renea Hicks_____
Max Renea Hicks

8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

RUSSELL GRANT, LAWRENCE §
W. FRYER, and LESLIE HASTINGS, §
            *Plaintiffs,* §
                § Civil Action No. SA-06-CA-1099-FB
vs. § *(three-judge court requested)*
                §
GONZALES COUNTY, TEXAS, §
            *Defendant.* §

## ORDER ON PRELIMINARY INJUNCTION

On this day came before the Court, after due notice and a hearing, the Application for Preliminary Injunction by Plaintiffs Grant, Fryer, and Hastings. Having heard argument and evidence, and considering the applicable law, the Court determines as follows:

1.    It is ORDERED, under Federal Rule of Civil Procedure 65, that:

     (i) Gonzales County must submit the polling place change it instituted for County Election Precinct No. 2 on Election Day, November 7, 2006, for preclearance under 42 U.S.C. § 1973c within 30 days; and

     (ii) Gonzales County may not permit the candidate declared the winner under state law of the general election for Gonzales County Commissioner Place 2 to take office for the term beginning January 1, 2007, unless and until Gonzales County seeks and obtains preclearance under 42 U.S.C. § 1973c of the polling place change for County Election Precinct No. 2.

2.    It is FURTHER ORDERED that, within two days of the event, Gonzales County must file with this Court (with a copy to the Plaintiffs) written notification of its submission of the polling place change at issue in this case for preclearance under 42 U.S.C. § 1973c and written notification of the final action taken by the judicial or administrative forum in the District of Columbia on Gonzales County's Section 5 submission.

3.    It is further ORDERED that all further proceedings in this matter are STAYED pending compliance with the preliminary injunction in paragraph 1.

4.    It is FURTHER ORDERED that, inasmuch as this is a matter in furtherance of the public interest, Plaintiffs are not required to post security in connection with issuance of this preliminary injunction.

SIGNED this _____ day of December, 2006.

_____
UNITED STATES CIRCUIT JUDGE

_____
UNITED STATES DISTRICT JUDGE

_____
UNITED STATES DISTRICT JUDGE

2

AO 398 (12/93)

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE FOR SUMMONS

TO:   (A) _Gonzales County, Texas (Robert B. Scheske)_

as   (B) _County Attorney_ of (C) _Gonzales County_

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) _Western_                District of _Texas_
and has been assigned docket number (E) _SA06CA1099FB_

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) _30_        days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with the request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the reverse side (or at the foot) of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this _15th_        day of
_December, 2006_          .

_Signature of Plaintiff's Attorney_
or Unrepresented Plaintiff

A – Name of individual defendant (or name of officer or agent of corporate defendant)
B – Title, or other relationship of individual to corporate defendant
C – Name of corporate defendant, if any
D – District
E – Docket number of action
F – Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

# MAX RENEA HICKS

### ATTORNEY AT LAW

1250 Norwood Tower
114 West 7th Street
Austin, Texas 78701

December 21, 2006

(512) 480-8231
Fax: (512) 480-9105
rhicks@renea-hicks.com

*by* overnight delivery

Clerk, United States District Court
U.S. District Clerk's Office
655 East Durango Blvd., Room G65
San Antonio, Texas 78206

Re:   Civ. Action No. SA-06-CA-1099-FB; *Russell Grant, et al. v. Gonzales County,* In the U.S.D.C., W.D. Tex., San Antonio Div'n

Dear Sir or Madam:

Enclosed are the original and one copy of Proof of Service on Defendant Gonzales County.

Sincerely,

Max Renea Hicks

encl.

cc:   Hon. David Bird, County Judge (*by* first class mail)

*Board Certified CIVIL APPELLATE LAW - Texas Board of Legal Specialization*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUSSELL GRANT, LAWRENCE W. FRYER, and LESLIE HASTINGS, *Plaintiffs,* | § § § § | |
| vs. | § § § | Civil Action No. SA-06-CA-1099-FB |
| GONZALES COUNTY, TEXAS, *Defendant.* | § § | |

## PROOF OF SERVICE

Plaintiffs Grant, Fryer, and Hastings provide the enclosed two-page Summons in a Civil Action and Return of Service as proof of service on Defendant Gonzales County through service on its County Judge, David Bird, on December 21, 2006.

Respectfully submitted,

Max Renea Hicks
Attorney at Law
State Bar No. 09580400

1250 Norwood Tower
114 West 7th Street
Austin, Texas 78701
(512) 480-8231
fax: (512) 480-9105
e-mail: rhicks@renea-hicks.com

ATTORNEY FOR PLAINTIFFS GRANT,
FRYER, AND HASTINGS

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of December, 2006, I forwarded a copy of the foregoing pleading by mailing it first class mail to David Bird, County Judge, Gonzales County, 514 St. Joseph Street, Suite 200, Gonzales, Texas 78629.

Max Renea Hicks

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ Western _____   District of _____ Texas _____

Russell Grant, Lawrence W. Fryer, and Leslie
Hastings, Plaintiffs,

### SUMMONS IN A CIVIL ACTION

V.

Gonzales County, Texas, Defendant.

CASE NUMBER:   SA-06-CA-1099-FB

TO: (Name and address of Defendant)

David Bird, County Judge
Gonzales County
414 St. Joseph Street, Suite 200
Gonzales, Texas 78629

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Renea Hicks
Law Office of Max Renea Hicks
1250 Norwood Tower
114 West 7th Street
Austin, Texas 78701

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

DEC 2 1 2006

William G. Putnicki

CLERK

(By) DEPUTY CLERK

DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | December 21, 2006    2:00 p.m. |

| NAME OF SERVER (PRINT) | TITLE |
|---|---|
| Shaun Wells | Process Server |

*Check one box below to indicate appropriate method of service*

[X] Served personally upon the defendant. Place where served: 414 N. St. Joseph's Street, Suite 200 Gonzales, Texas 78629

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

[ ] Returned unexecuted:

[ ] Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  12-21-06
Date

Signature of Server    SCH1537

1406 West Salinas, San Antonio, Texas 78207
Address of Server

### Non-Peace Officer Verification

Verification of return (if not served by peace officer)

sworn to this  21  day of  DC  20 06.

By: _____ Server

_____
Notary Public, State of Texas

JAN WELLS
MY COMMISSION EXPIRES
OCTOBER 2, 2007

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# The State of Texas



Elections Division
P.O. Box 12060
Austin, Texas 78711-2060
www.sos.state.tx.us

Phone: 512-463-5650
Fax: 512-475-2811
Dial 7-1-1 For Relay Services
(800) 252-VOTE (8683)

### Roger Williams
### Secretary of State

December 19, 2006

Mr. Russell Grant
1406 Waco Street
Gonzales, Texas 78629

Dear Mr. Grant:

We are in receipt of your letter dated November 10, 2006 and have made several attempts to reach you via telephone. As you know, the Elections Division is statutorily mandated to "assist and advise" election authorities in accordance with the Texas Election Code (the "Code"), and this statutory authority does not extend to investigative, prosecutorial, or regulatory authority. However, pursuant to Section 31.006 of the Code, we have the authority to forward information alleging criminal conduct in connection with an election to the Office of the Attorney General. Section 31.006 states as follows:

> If, after receiving a complaint alleging criminal conduct in connection with an election, the Secretary of State determines that there is reasonable cause to suspect that the alleged criminal conduct occurred, the secretary shall promptly refer the complaint to the attorney general,

Tex. Elec. Code Ann. § 31.006 (Vernon 2003). In deciding what matters to refer to the Attorney General, the Secretary of State reviews a complaint for a specific allegation of criminal conduct evidenced by written support, rather than general assertions that improper activity took place. It is difficult to discern from your correspondence the allegations of improper activity, with regard to your mail ballot issues. Should you come across any evidence, written statements, or testimonies regarding the possible illegalities that took place during the November 7, 2006 general election, we advise that you send such documentation to our office for review.

In addition, I would like to note, that we have been in contact with Ms. Lee Riedel in Gonzales County regarding the issue of the voting booths at various polling locations possibly being too close to each other, as well as the emergency change of a particular polling location. We have addressed the polling booth issue with Ms. Riedel to ensure that the booths are set up according to the provisions of the Texas Election Code, and to ensure voter privacy. Furthermore, we were informed that the change in the American Legion Hall polling place was due to a last minute cancellation by the Hall's manager/owner, which was out of the control of the county. It appears that the county took the necessary measures to ensure that a new polling place would be used within the same area and to accommodate all voters, including disabled voters. Under Texas

Mr. Russell Grant
Page 2

law, with such a last minute change, the county acted appropriately to submit notice to their voting public and candidates, as well as faxing us a copy of the emergency polling change.

With regard to your concern for the difference in ballot tallies throughout the night for the candidates in your race, we were informed that the only change in numbers came when the write-in votes were manually counted, as required by our office, due to the fact that the electronic machines were unable to read the write-in votes. Our office specifically informed and advised the counties to hand count the write-in votes, to determine voter intent, and to determine whether the voter, in fact, voted for a write-in candidate. Due to this extra step in the counting process, most counties did not have complete totals of races with write-in candidates, if they had not finished counting the write-in votes yet. This is the situation you encountered on election night, the totals were being run for the candidates on the ballot and mail ballots for both candidates; however, the write-in candidate votes had not been factored into the total numbers yet.

We hope this information is helpful in understanding your issues and concerns. We also would like to remind you that there was a State Inspector at several voting precincts in your county on election day, as well as the counting station while the ballots were being processed. Under Texas law, you are entitled to this report by making a public information request to our office, or directly to your county office.

Sincerely,

Ann McGeehan
Director of Elections

c: Lee Riedel, Gonzales County Clerk

AM:CIR:sf

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

ORIGINAL
FILED

JAN 1 1 2007

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| RUSSELL GRANT, LAWRENCE W. FRYER, and LESLIE HASTINGS | § § § § | |
| *Plaintiff* | § | |
| Vs. | § § | Civil No. SA-06-CA-1099-FB |
| GONZALES COUNTY, TEXAS, | § § | **Jury Demand** |
| *Defendant* | § | |

<u>**DEFENDANT GONZALES COUNTY'S ORIGINAL ANSWER
TO PLAINTIFFS' ORIGINAL COMPLAINT**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Gonzales County, Texas, a Defendant in the above entitled and numbered cause, and files this its Original Answer to Plaintiffs' Original Petition and in response thereto would respectfully show this Court as follows:

### I. General Denial

1. Defendant, pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, would enter its general denial, denying each and every, all and singular, the material allegations contained in Plaintiffs' Original Petition, and would demand strict proof thereof by a preponderance of the evidence.

### II. Specific Denials

2. Defendant Gonzales County would deny that it changed the polling place "quietly, with little fanfare or notice" as is alleged in ¶ 16 of Plaintiffs' Original Petition  Ample notice of the necessary change of polling place was made to the public.  Due to an inadvertent error, Defendant Gonzales County did not seek preclearance of the polling change; however, Gonzales

County is currently in the process of meeting the requirements of the Voting Rights Act for the polling place change.  Gonzales County avers that the change in polling place cannot be reasonably demonstrated to have contributed to the outcome of the election, and that the margin of loss suffered by Plaintiff Grant precludes relief in the form of any new election or the vacation of office of the winning candidate.

## III. Defenses

Sovereign Immunity

3.  Gonzales County, Texas, a political subdivision of the State of Texas, asserts the doctrine of sovereign immunity.

## PRAYER

Wherefore, premises considered, Defendant Gonzales County prays that at the trial hereof, this Court deny the relief as requested by the Plaintiffs and that this Court Order that Plaintiffs pay the attorneys fees and costs incurred by Defendant Gonzales County in defending this action.

Respectfully submitted,

*Robert T. Bass*   *with permission*
Robert T. Bass   *by Eric Mage*
SBN: 01880400   *24007585*

Allison, Bass & Associates L.L.P.
A.O. Watson House
402 W. 12th Street
Austin, Texas  78701
(512) 482-0701 Phone
(512) 480-0902 Fax

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Defendant Gonzales County's Original Answer to Plaintiffs' Original Complaint was this ____10th____ day of January , 2007 delivered to the following via certified mail, return receipt requested:

Max Renea Hicks          *via cmrrr: 7005 1820 0003 5292 6444*
Attorney at Law
1250 Norwood Tower
114 West 7th Street
Austin, Texas 78701

*Robert T. Bass*
Robert T. Bass

*with permission
by Eric Magee
2400 2585*

# TAB VIII

## VIII.
## STATEMENT THAT PRIOR PRACTICE WAS PRECLEARED

Gonzales County has previously obtained pre-clearance of existing boundaries and polling places. See DOJ#:2001-3168.

# GONZALES COUNTY, TEXAS

**DAVID BIRD**
County Judge

**SHARRON MASON**
Court Assistant

(830) 672-2327
Fax (830) 672-5296



**COMMISSIONERS:**

K.O. (Dell) Whiddon .............. Precinct No. 1
James (Jim) Kelso .............. Precinct No. 2
David Kuntschik .............. Precinct No. 3
Otis S. (Bud) Wuest .............. Precinct No. 4

414 ST. JOSEPH STREET
P. O. BOX 80
GONZALES, TEXAS 78629

September 26, 2001

Chief, Voting Section
Civil Rights Division
Department of Justice
320 First Street, NW., Room 818A
Washington, D.C.  20001

RE:   Gonzales County Redistricting Plan
      Section 5 of the Voting Rights Act

Dear Sir/Madam:

Enclosed please find one original (duplicate maps) of the Redistricting Plan for Gonzales County, Texas, submitted in accordance with Section 5 of the voting Rights Act of 1965, as amended, and approved by the Gonzales County Commissioners Court on September 10, 2001.

If any additional information is needed, or if there is any assistance we can give concerning the enclosed, please call me at (830) 672-2327.

Sincerely,

David Bird
County Judge, Gonzales County, Texas

Enclosures

# GONZALES COUNTY, TEXAS

**DAVID BIRD**
County Judge

**SHARRON MASON**
Court Assistant

(830) 672-2327
Fax (830) 672-5477



**COMMISSIONERS:**

K.O. (Dell) Whiddon .............. Precinct No. 1
James (Jim) Kelso .............. Precinct No. 2
Kevin T. La Fleur .............. Precinct No. 3
Otis S. (Bud) Wuest .............. Precinct No. 4

414 ST. JOSEPH STREET
SUITE 200
GONZALES, TEXAS 78629

## TRANSMITTAL COVER SHEET

**DATE:**    January 3, 2007

**TO:**    Allison, Bass & Associates, L.L.P.

Attn: Andrea Beard

FAX  512-480-0902

**FROM:**    GONZALES COUNTY JUDGE'S OFFICE

**RE:**    Exhibit H - List of Polling Places as submitted

9/26/01 as part of redistricting submission.

Letter dated November 20, 2001 U.S. Department

of Justice approving redistricting plan.

**NUMBER OF PAGES (INCLUDING THIS COVER PAGE)**    3

**SENDER:**    Sharron Mason

**COMMENTS:**



**U.S. Department of Justice**

Civil Rights Division

JDR:RPL:TGL:par
DJ 166-012-3
2001-3168

*Voting Section - GSt.*
*950 Pennsylvania Avenue, N.W.*
*Washington, DC 20530*

November 20, 2001

The Honorable David Bird
County Judge
P.O. Box 80
Gonzales, Texas    78629

Dear Judge Bird:

This refers to the 2001 redistricting plans for the commissioners court and justice of the peace and constable precincts, the realignment of voting precincts, and three polling place changes for Gonzales County, Texas, submitted to the Attorney General pursuant to Section 5 of the Voting Rights Act, 42 U.S.C. 1973c. We received your submission on October 1, 2001.

The Attorney General does not interpose any objection to the specified changes. However, we note that Section 5 expressly provides that the failure of the Attorney General to object does not bar subsequent litigation to enjoin the enforcement of the changes. See the Procedures for the Administration of Section 5 (28 C.F.R. 51.41).

Please be advised that it is unnecessary to provide multiple copies of documents when making a Section 5 submission.

Sincerely,

Joseph D. Rich
Chief, Voting Section

Enclosure

EXHIBIT "H"

## POLLING PLACES BEFORE REDISTRICTING

| Pct No. | Voting Place and Location |
|---------|---------------------------|
| 1 | Riverside Community Center, Gonzales, Texas |
| 2 | American Legion hall, Gonzales, Texas |
| 3 | City Building, Gonzales, Texas |
| 4 | City Building, Nixon, Texas |
| 5 | Community Center, Belmont, Texas |
| 6 | Livestock Commission Company, Nixon, Texas |
| 7 | Elks Foundation, Ottine, Texas |
| 8 | Community Center, Harwood, Texas |
| 9 | City Building, Waelder, Texas |
| 10 | Community Center, Smiley, Texas |
| 11 | Peach Valley Camp, County Road 357, Shiner, Texas |
| 12 | Reily Portable Building, Bebe, Texas |
| 13 | Encouraging Word Worship Center, Leesville, Texas |
| 14 | Community Center, Cheapside, Texas |
| 15 | Guadalupe Valley Telephone Cooperative Bldg., Cost, Texas |

## POLLING PLACES AFTER REDISTRICTING

| Pct No. | Voting Place and Location |
|---------|---------------------------|
| 1 | Courthouse Basement Conference Room, Gonzales, Texas |
| 2 | American Legion hall, Gonzales, Texas |
| 3 | City Building, Gonzales, Texas |
| 4 | City Building, Nixon, Texas |
| 5 | Community Center, Belmont, Texas |
| 6 | Livestock Commission Company, Nixon, Texas |
| 7 | Elks Foundation, Ottine, Texas |
| 8 | Community Center, Harwood, Texas |
| 9 | City Building, Waelder, Texas |
| 10 | Community Center, Smiley, Texas |
| 11 | Peach Valley Camp, County Road 357, Shiner, Texas |
| 12 | Riverside Center, Gonzales, Texas |
| 13 | Oak Valley Baptist Church, Hwy 97, Bebe/Leesville, Texas |
| 14 | Community Center, Cheapside, Texas |
| 15 | Guadalupe Valley Telephone Cooperative Bldg., Cost, Texas |

# TAB IX

# IX.
## SUPPORTING DOCUMENTS

Exhibit Q:    Newspaper coverage of Commissioners Court election disputes

Exhibit R:    Minority Contacts

# TAB Q



Gonzales Weather

**Want your ad placed here?**
**Give us a call at 830-672-2861**

Make Us Your Homepage


## NEWS SECTIONS

Front Page
News
Sports
Opinion
Letters to the Editor
Obituaries
Classifieds
Archives

## SERVICES

Submit a Letter
Community Links
Calendar
Place a Classified
Subscribe
About Us
Contact Us

## ONLINE SECTIONS

AP News
Financial News
Health News
Entertainment
Town Hall

## OPINION POLL


Photo
Order reprints here!


Lotto TEXAS


SEARCH CLASSIFIEDS

go!


SEARCH ARCHIVES

go!

# The Gonzales Inquirer

Serving Gonzales County, Texas and the surrounding area since 1853

Call 830-672-2861 today to reserve this ad space!

## Brzozowski meets Grant in commission battle

The early votes are all locked away and ready to be counted for Tuesday's General Election in the only contested local race - Precinct 2 Gonzales County Commissioner.

Donnie Brzozowski will meet Russell Grant in that race which has apparently generated a lot of interest with local voters.

According to figures released by Gonzales County Clerk Lee Riedel, between 1,500 and 2,000 voters cast their ballots either by mail or via early voting before the Nov. 7 election.

That means that closes to 15 percent of the 12,101 registered voters in the county have already cast their ballots in the election.

Riedel said that 1,654 votes were cast in the March Primary Election.

That number has already been surpassed surprising local pundits with the figure.

No other locally contested races are on the ballot.

However, a number of state and national races will appear on the ballot including a closely contested one for the Governor of the state of Texas in which Incumbent Rick Perry is receiving a strong bid from Democratic and Independent candidates.

Incumbent U.S. Representative Ron Paul is also being challenged by stronger than usual Democratic competition.

Polls will open Tuesday at 7 a.m. and close at 7 p.m. at all polling places throughout Gonzales County.


Gonzales Healthcare Systems
(830) 672-7581

Call 830-672-2861 today to reserve this ad space!


**QUALITY** CHEVROLET-DODGE
Everybody Rides Today
The Quality Way!
830-672-9626
Click here to view vehicles

Copyright © 2006 The Gonzales Inquirer. All rights reserved.

Phone:830-672-2861 – E-Mail: news@gonzalesinquirer.com

Front Page | News | Sports | Opinion | Letters to the Editor
| Obituaries | Classifieds | Archives | Submit a Letter |



Want your ad placed here?
Give us a call at 830-672-2861

Make Us Your Homepage

Gonzales Weather

NEWS SECTIONS
Front Page
News
Sports
Opinion
Letters to the Editor
Obituaries
Classifieds
Archives

SERVICES
Submit a Letter
Community Links
Calendar
Place a Classified
Subscribe
About Us
Contact Us

ONLINE SECTIONS
AP News
Financial News
Health News
Entertainment
Town Hall

OPINION POLL


Photo
Order reprints here!



SEARCH CLASSIFIEDS
go!

SEARCH ARCHIVES
go!

# The Gonzales Inquirer

Serving Gonzales County, Texas and the surrounding area since 1853

## Brzozowski takes Precinct 2 seat by 146 votes

Donnie Brzozowski accomplished something Tuesday many candidates have tried and failed to do - win a race as a write-in candidate.

Brzozowski downed Democrat Russell Grant by a 743 to 597 count in the race for Gonzales County Commissioner in Precinct 2.

But Grant says he isn't ready to toss in the towel just yet promising to call for a manual recount of the election before the Nov. 17 deadline.

County Clerk Lee Riedel said, by law, Grant and any other losing candidate has the right to request a recall no matter what the margin is.

But, the candidate must pay a fee for the recount, although Riedel said she would have to calculate that amount since it depends on the number of precincts involved.

"I definitely plan to call for the recount," Grant said Wednesday. "That seems to be the best plan for me right now."

In the meantime, Brzozowski is enjoying the hard-fought win.as a write-in candidate, which he admitted before the race is hard to do.

"My dad ran as a write-in once and lost," he said. "It's an uphill battle since the name is not on the ballot."

Despite that drawback, Brzozowski took the lead early in the race after the early votes were counted by a 472 to 377 margin.

Over 2,000 voters had either voted early or via mail in the lection, which also included a four-way race for Texas governor.

The early vote count was released by Riedel just past 7 p.m. after the polls had closed since state law allows counties to

Call
830-672-2861
today to
reserve this
ad space!



Call
830-672-2861
today to
reserve this
ad space!


QUALITY
CHEVROLET-DODGE
Everybody
Rides Today
The Quality Way!
830-672-9826

Click here to view vehicles

begin that count at that time.

By 8 p.m., eight of the 15 precincts had been counted and that included one of the three precincts that voted in the race - Precinct 11. Votes from 11 upped Brzozowski's lead to 112 votes at 501-389.

Since precincts 2 and 9 were the only two left for the commissioner's race and both had been higher than many others in turnout during the day, Riedel and her counters chose to hold them until the final two boxes to count.

After counting Precinct 9, Grant cut the lead down to 77 at 565 to 488 with Precinct 2 to go and that happened to be Grant's home precinct.

But Grant lost ground in that final box and lost by an apparent 695-597 count.

However, during the evening, the electronic counter had kicked out 48 ballots with write-ins recorded on them for various reasons. These ballots had to be hand counted by the Resolution Board at the end of the night.

After that was completed, Brzozowski gained 48 votes giving him 743 to 597 for Grant.

Before the implementation of electronic voting machines, a losing candidate had to be within 10 percent of his opponent to qualify for a recount.

Now the state has changed its laws to afford a recount to a losing candidate no matter what the final margin is.

In the end, 4,347 votes were cast in the election - 2,182 on election day and 2,165 via early and mail voting.

That means that almost 36 percent of the over 12,000 registered voters in the county cast ballots in the election. Less than 2,000 ballots were cast in the Primary Elections.

Straight party ballots numbers 1,069 in the elections and 564 of them were Democratic, or 52.75 percent. Republicans cast 478 straight ticket ballots.

In other races using county votes only, Lloyd Doggett won the District 25 House seat by a 2,197 count over Grant Rostig with 1,250.

Kay Bailey Hutchison gained 2,783 votes for U.S. Senate and

Barbara Ann Radnofsky had 1,136.

In the Governor's race, Rick Perry had 1,493, Carole Keeton Strayhorn had 1,245, Chris Bell got 898 and Richard "Kinky" Friedman had 531.

In locally uncontested races, County Judge David Bird received 3,111 votes, District Clerk Sandra Baker got 2,989, County Clerk Lee Riedel had 3,073, County Treasurer Sheryl Barborak gained 3,041, County Surveyor Stephen O. Pirkle Jr. received 2,946, Precinct 4 County Commissioner Otis "bud" Wuest had 541, Precinct 1 Justice of the Peace Darryl J Becker had 1,932, Precinct 3 Justice of the Peace Eulogio "Lacho" Melchor got 392 and Precinct 4 Justice of the Peace Don Setliff had 467 votes.

Voting totals for each precinct were 1 with 440, 2 with 264, 3 with 263, 4 with 164, 5 with 155, 6 with 96, 7 with 93, 8 with 90, 9 with 213, 10 with 157, 11 with 152, 12 with 25, 13 with 70, 14 with 16 and 15 with 84.

Copyright © 2006 The Gonzales Inquirer. All rights reserved.

Phone:830-672-2861 – E-Mail: news@gonzalesinquirer.com

Front Page | News | Sports | Opinion | Letters to the Editor | Obituaries | Classifieds | Archives | Submit a Letter | Community Links | Place a Classified | Subscribe | About Us | Contact Us
Calendar | AP News | Finance | Health | Entertainment | Town Hall



Gonzales Weather

**Want your ad placed here?**
**Give us a call at 830-672-2861**

Make Us Your Homepage

**NEWS SECTIONS**

Front Page
News
Sports
Opinion
Letters to the Editor
Obituaries
Classifieds
Archives

**SERVICES**

Submit a Letter
Community Links
Calendar
Place a Classified
Subscribe
About Us
Contact Us

**ONLINE SECTIONS**

AP News
Financial News
Health News
Entertainment
Town Hall

**OPINION POLL**






**SEARCH CLASSIFIEDS**
go!

**SEARCH ARCHIVES**
go!

# The Gonzales Inquirer

Serving Gonzales County, Texas and the surrounding area since 1853

## Russell questions vote count, clerk answers allegations

With he Nov. 7 election now 10 days in the past, commission candidate Russell Grant says he still has questions about how the election was handled by the Gonzales County Clerk's Office.

Earlier this week, Grant sat down with the Gonzales Inquirer to voice his concerns.

Since it's the paper's policy, Lee Riedel, Gonzales County Clerk, was given an opportunity to answer all of the allegations.

"At the end of the election, after the counting was over," Grant said, "the final numbers had extra votes added to the count of my opponent and the numbers do not add up to the number of signatures in each polling box.

"I would just like to know where those numbers came from and why they did not add up."

In Precinct 9, according to Grant, there were 24 new votes added to Donnie Brzozowski's totals at the end of the election day and no other numbers on the ballot changed except for that one race.

Riedel said that the 24 votes came from ballots kicked out of the voting machine for reasons such as not marking the box for a position or other maladies.

Those ballots were held out until the last part of the evening when all of them went to the four-person resolution board where decisions were made on the intent of the voters.

"Most of the ballots had written in Brzozowski's name, but had failed to mark the circle by it," Riedel said. "It was determined by the board that it was the intent of the voter to cast that ballot for Brzozowski.

Call 830-672-2861 today to reserve this ad space!



Call 830-672-2861 today to reserve this ad space!

**QUALITY**
CHEVROLET-DODGE

Everybody Rides Today
The Quality Way!
830-672-9926

Click here to view vehicles



"That was the reason that the numbers were changed in precincts 2, 9 and 11 at the end of the election."

Grant also wanted to know why only Brzozowski's votes were totalled on the tally sheets instead of his and his opponent's at the same time.

"That's an easy answer," Riedel said. "Russell Grant's name was already programmed into the machines since he won the primary election.

"Since Brzozowski was a write-in candidate, we were unable to program his name in since it was added after the machine deadline for programming. Write-ins are just that - write-ins. They are not meant to be on the ballot.

Although Grant admitted that he had not received enough information about the early votes, he questions whether or not they could have been tampered with during the two weeks of early voting.

Riedel said the law is set up to keep that from happening. "Every night," she said, "we lock the ballots up with two different keys and I take one home and a deputy keeps the other one.

"The ballot box can't be unlocked unless both keys are present at the same time. That is state law and we always do what state law says we must do. Those ballots were always safe."

Wednesday morning, county commissioners voted to approve of the ballots at the canvassing meeting making the final tally official.

Grant had until 5 p.m. Thursday to request a recount.

He said after the election that he planned to do that, although he admitted earlier this week that he still didn't have enough information to make on a recount.

Copyright © 2006 The Gonzales Inquirer. All rights reserved.

**Phone:830-672-2861 – E-Mail:** news@gonzalesinquirer.com

**Front Page | News | Sports | Opinion | Letters to the Editor | Obituaries | Classifieds | Archives | Submit a Letter | Community Links | Place a Classified | Subscribe | About Us | Contact Us Calendar | AP News | Finance | Health | Entertainment | Town Hall**

http://www.gonzalesinquirer.com/articles/2006/11/16/news/news04.txt                    12/30/2006


Gonzales Weather

**Want your ad placed here?**
**Give us a call at 830-672-2861**


Make Us Your Homepage

NEWS SECTIONS

Front Page
News
Sports
Opinion
Letters to the Editor
Obituaries
Classifieds
Archives

# The Gonzales Inquirer

Serving Gonzales County, Texas and the surrounding area since 1853

Call 830-672-2861 today to reserve this ad space!

## Grant files suit to halt seating of Brzozowski

Russell Grant, the losing candidate in November's Precinct 2 Commissioner election, is still fighting to get the seat he feels was wrongfully taken from him.

In a civil suit filed on Dec. 15 in the U.S. District Court for the Western District of Texas in San Antonio, Grant is challenging the change of polling places for Precinct 2 from the American Legion Hall to the Emmanuel Fellowship and School.

The suit says the change was not cleared by the U.S. Department of Justice (DOJ) and, because of that, violates the Voting Rights Act of 1965.

In the suit, Grant and co-plaintiffs Leslie Hastings and Lawrence W. Fryer are asking that the court issue a temporary injunction halting the planned swearing in of Donnie Brzozowski at 8:30 on Jan. 2 in commissioner's court.

The suit is also asking for a permanent injunction to halt Brzozowski's taking office and seeks a new election to be called again pitting the two together for the Precinct 2 seat.

Grant won the March Democratic Primary election by a single vote over incumbent commissioner James Kelso and seemed assured a seat on the court when no Republican foe chose to run.

However, during the summer Brzozowski decided to mount a write-in candidacy when he was asked to do so by a number of friends and colleagues.

In the end, Brzozowski won the election by more than 10 percent and then went on to survive a recount requested and paid for by Grant. The final tally had Grant losing by 145 votes.

The civil suit is asking a three-judge panel to decide whether or not the county violated the Voting Rights Act of 1965 by changing polling places.

However, in a letter to Grant from Texas Director of Elections Ann McGeehan of the Secretary of the State's office, Grant was told that the county made the change of polling places in a manner in which the state has drawn out.

McGeehan also said that Grant's questions about changes in the final tally and possible tampering with ballot boxes could not be discerned using the evidence he has produced.

"I also remind you that there was a state election inspector at several voting precincts," McGeehan said. "She was also present for parts of the final tally and she reported nothing out of the ordinary."

McGeehan said the Secreatry of State's office chose not to forward the case on to the attorney general since the evidence was not enough to do so.


Gonzales Healthcare Systems (830) 672-7581


Call 830-672-2861 today to reserve this ad space!

**QUALITY**
CHEVROLET-DODGE
Everybody Rides Today
**The Quality Way!**
830-672-9826
Click here to view vehicles

SERVICES

Submit a Letter
Community Links
Calendar
Place a Classified
Subscribe
About Us
Contact Us

ONLINE SECTIONS

AP News
Financial News
Health News
Entertainment
Town Hall

OPINION POLL


Photo Order reprints here!


LOTTO TEXAS

SEARCH CLASSIFIEDS
go!

SEARCH ARCHIVES
go!

The suit says that by moving the polling place in Precinct 2 from the American Legion located at 1612 North Robertson in the heart of a predominantly African American neighborhood to the Emmanuel at 817 St. Lawrence on the fringe of the district caused some distraction since many of the voters were not familiar with the new location.

County Clerk Lee Riedel said she made the change on Sept. 22 after discussing it with County Judge David Bird when it was learned that the legion hall would not be available.

In the meantime, Bird said that the ceremony to swear Brzozowski and other newly elected officials in Monday morning would go on as planned.

"Unless we are served with an injunction we will go on as planned," he said.

Copyright © 2006 The Gonzales Inquirer. All rights reserved.

Phone:830-672-2861 – E-Mail: news@gonzalesinquirer.com

**Front Page | News | Sports | Opinion | Letters to the Editor | Obituaries | Classifieds | Archives | Submit a Letter | Community Links | Place a Classified | Subscribe | About Us | Contact Us Calendar | AP News | Finance | Health | Entertainment | Town Hall**

# TAB R

| NAME | ADDRESS | PHONE # |
|---|---|---|
| Jimmie Thorne | 161 Waelder Tex 78959 | 672 6950 |
| Gail Thorne | 922 Robertson #56 | 203-1085 |
| Jannie James | 1601 Sycamore | |
| Shane James | | |
| Tracy James | | |
| Melissa James | 1601 Sycamore | |
| Erica James | 1701 Cincos St Apt 30 | 281-451 9314 |
| David Clack | 1609 Sycamore | 672-6402 |
| Reginald Seat | 1310 Robertson St | 262-0448 |
| Charles Gray Jr. | 1620 Huisache St | 672-7102 |
| Cecil Johnson | 1625 Sycamore St | 672 9695 |
| Doug Rohr | 1800 5 Sycamore | 672-2549 |
| Lee Lewis | 1709 Sycamore | 672-77-13 |
| Jeff Avery Lewis | 1709 Sycamore | 672-7713 |
| Frank Rel | 1719 Sycamore | 672-7247 |
| Walt Taylor | 1718 Sycamore | 672-1807 |
| Michelle Stephens | 922 Robertson Apt 45 | 672 8284 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

| NAME | ADDRESS | PHONE # |
|------|---------|---------|
| Jesse Navarro | 1922 St Andrew | 830 672 445 9095 |
| JoAnn Villanueva | 2010 St Andrew | 830 857-5068 |
| Olivia Molina | 2108 St Andrew | 830-263-2784 |
| Li En | 2025 Zint | — |
| Aly Contreras | 2027 Zint | 672 5060 |
| Lunetta Low | 2022 Zint | 672-3728 |
| Roxie Reyes | 2019 Zint | 481-4307 |
| Luis Contreras | 1922 Zint | 672 4907 |
| Gabrielle Reyes | 702 Seydler | 263-0081 |
| Emily Hunt | 714 Seydler | 672-6078 |
| Jamie Reay | 724 Seydler | 672-5446 |
| Frank Reales | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |