IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUSSELL GRANT, *et al.* | § | |
| *Plaintiffs*, | § | |
| vs. | § | Civil Action No. SA-06-CA-1099-FB |
| | § | |
| GONZALES COUNTY, | § | |
| *Defendant*. | § | |

**PLAINTIFFS' REPLY TO
DEFENDANT COUNTY'S RESPONSE TO ORDER OF JANUARY 12, 2007**

Plaintiffs Grant, Fryer, and Hastings reply as follows to Defendant Gonzales County's Response to Order of January 12, 2007.

**I.      THE COUNTY ADMITS THAT IT VIOLATED SECTION 5 AND THAT A THREE-JUDGE COURT IS JURISDICTIONALLY APPROPRIATE.**

The County admits the plaintiffs' contention that a claim under 42 U.S.C. § 1973c (Section 5 of the Voting Rights Act), of the type the plaintiffs make in this case, requires a three-judge court to determine whether injunctive relief is appropriate.  *See* County Response at 1.

The County also admits that its failure to obtain preclearance of the polling place change that the plaintiffs challenge in this lawsuit violates Section 5.  *See, e.g.,* Jan. 2, 2007, correspondence from J. Allison to County Judge Bird, at 3.[1]  Referring to polling place changes, the County admits (with emphasis added):

> The Voting Rights Act clearly applies to such changes in voting methods...It appears that Gonzales County may not have been specifically aware that changes in polling place relocation required federal preclearance...*[T]he failure of the County ... to seek preclearance of the relocation of Voting Box #2 from the American Legion Building to the*

---

[1] This letter is at Exh. A-3, at Tab D, of the County Response.  The County Commissioners Court attached the letter to its January 8, 2007, order, directing a Section 5 submission seeking retroactive preclearance of three unprecleared polling place changes, all of which are associated with the polling place change challenged in this lawsuit.

*Emmanuel Fellowship Hall does constitute a "de facto" violation of Section 5 of the Voting Rights Act.*

The County also admits that, since the filing of this lawsuit in mid-December of 2006: (a) it has unearthed *three* Section 5 violations associated with the polling place change; and (b) it has submitted the three unprecleared electoral changes for retroactive administrative preclearance by the Department of Justice.  County Response at 2.

## II.    THE COUNTY ALSO MAKES SEVERAL UNSUPPORTED OR IRRELEVANT ASSERTIONS ABOUT ITS CONDUCT AND INTENTIONS.

The County represents that it has requested "expedited" consideration of its Section 5 submission of the polling place change.  County Response at 2.  Yet, a review of the submission fails to disclose any request for expedited consideration.[2]

The County represents that its failure to follow Section 5 was "inadvertent and unintentional."  County Response at 3.  This representation has not been tested in any fashion and, therefore, should be discounted.  Furthermore, it is irrelevant to the question whether the County has committed a Section 5 violation.  Whether the legal violation was intentional is at issue in the proceeding before this Court.  *See City of Lockhart v. United States*, 460 U.S. 125, 129 n.3 (1983) (listing only three issues in case).

The County also represents that its illegal polling place change did not harm minority voters.  County Response at 4.  Resolution of this issue lies in the first instance with the Department of Justice, which must evaluate whether the County's action had either a retrogressive purpose or a retrogressive effect.  *See Reno v. Bossier Parish*

---

[2] The submission – attached in its entirety as Exhibit A to the County Response – is lengthy and contains numerous documents.  Therefore, plaintiffs' counsel concedes that his review of the submission may have overlooked a request for expedition.

*School Board*, 528 U.S. 320, 330-333(2000) (explaining test for submitting government to establish whether Section 5 clearance is warranted).

The County also discusses in considerable detail whether its Section 5 violation also violated state law.  County Response at 3-4.  That discussion, regardless of whether it accurately describes state law, is irrelevant here, where only a Section 5 claim has been made.

**III.** **THE COUNTY'S ATTORNEY FEE PLEA IS IMPROPER, ESPECIALLY INASMUCH AS THE ONLY LEGITIMATE ATTORNEY FEE QUESTION IN THIS CASE IS WHAT FEES THE PLAINTIFFS MAY BE ENTITLED TO.**

The County concludes its response with an improper, and what can only be seen as threatening, assertion that the plaintiffs should pay the County's fees for defending this action.  County Response at 4.  This request is ridiculously off the mark, but worrisome nonetheless because of its implicit threat against the plaintiffs.

A defendant in a Voting Rights Act case is not entitled to attorney fees unless it is the prevailing party and, also, can establish that the plaintiffs' challenge is frivolous, unreasonable, or groundless.  *LULAC v. Roscoe I.S.D.*, 123 F.3d 843, 848 (5th Cir. 1997). It is impossible to imagine the County being able to claim prevailing party status when it has admitted that the plaintiffs' claim is right – that the County indeed did change the polling place for the 2006 general election without following the requirements of Section 5 of the Voting Rights Act.  It is further beyond imagination's realm to conceive of the County being able to establish that plaintiffs' indisputably legitimate legal challenge is frivolous, unreasonable, or groundless.

The real attorney fee issue will be what fees the plaintiffs may be entitled to.  That matter, however, need not be addressed at this point.[3]

**IV.    CONCLUSION:  CONVENING A THREE-JUDGE COURT, AND WHETHER A NEW ELECTION SHOULD BE ORDERED, MAY AWAIT DOJ'S SECTION 5 DETERMINATION.**

As the plaintiffs explain in their preliminary injunction application, the question whether a new election should be ordered as part of the remedy for the County's Section 5 violation should not be addressed until the administrative preclearance proceeding is concluded.  If preclearance is given, then the only question remaining will be on the plaintiffs' entitlement to attorney fees.  If preclearance is denied, however, as laid out in *Berry v. Doles*, 438 U.S. 190 (1978), then the question of whether a new election is appropriate will be before the Court.  It is premature to reach that question now.

Therefore, while this case plainly is appropriate for the convening of a three-judge court, it is not necessary at this stage – under the facts known at this point to the plaintiffs – to convene such a court.  Unless other circumstances come to light, that course of action need not be taken until after the administrative preclearance determination is made.

---

[3] Even in cases otherwise appropriate for convening a three-judge court, a single judge may determine the plaintiffs' entitlement to attorney fees.  *See, e.g., Watkins v. Fordice*, 807 F.Supp. 406, 410 (S.D. Miss. 1992).

Respectfully submitted,

____/s/ *Renea Hicks*_____
Max Renea Hicks
Attorney at Law
State Bar No. 09580400

101 West 6th Street
Suite 504
Austin, Texas 78701
(512) 480-8231
fax (512) 480-9105
e-mail: rhicks@renea-hicks.com

ATTORNEY FOR PLAINTIFFS GRANT,
FRYER, AND HASTINGS

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of January, 2007, I forwarded a copy of the foregoing pleading on the following counsel by means of the electronic filing system of the Court:

Robert T. Bass
ALLISON, BASS & ASSOCIATES L.L.P.
A.O. Watson House
402 W. 12th Street
Austin, Texas 78701.

_____/s/ *Renea Hicks*_____
Max Renea Hicks