UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
JAN 30 2007
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

**RUSSELL GRANT, LAWRENCE W. FRYER, and LESLIE HASTINGS,**

    **Plaintiffs,**

v.

**GONZALES COUNTY, TEXAS,**

    **Defendant.**

**CIVIL NO. SA-06-CA-1099-FB**

## ORDER AND ADVISORY CONCERNING STATUS OF CASE AND ORDER GRANTING UNOPPOSED MOTION TO DISMISS

Before the Court is the request of plaintiffs Russell Grant, Lawrence W. Fryer, and Leslie Hastings for the convening of a three-judge district court[1] as well as their complaint,[2] and combined application for preliminary injunction, supporting memorandum, and request for expedited hearing.[3] Also before the Court is the Unopposed Motion to Dismiss Under Rule 41(a)(2) by Plaintiff Leslie Hastings.[4]

**Procedural History**

This action was initiated on December 14, 2006, when plaintiffs filed their original complaint alleging defendant Gonzales County, Texas:

> changed the Election Day polling place for Election Precinct No. 2 (the county election precinct with the largest concentration of registered African-American

---

[1] Docket no. 2.

[2] Docket no. 1.

[3] Docket no. 3.

[4] Docket no. 14.

voters) without seeking or obtaining advance preclearance for the change from either the United States Department of Justice or a United States District Court for the District of Columbia.[5]

Plaintiffs seek a declaration that the polling place change is "legally ineffective unless and until" properly precleared as provided by the Voting Rights Act, its progeny, and interpretative case law;[6] and,

 (a) a preliminary injunction, requiring Gonzales County to submit the polling place change for county election precinct 2 for preclearance under 42 U.S.C. § 1973c either to DOJ or through the filing of declaratory judgment action in the United States District Court for District of Columbia, within thirty days;

 (b) a preliminary injunction, prohibiting the County from permitting the candidate declared under state law the winner of the election for Gonzales County Commissioner Place 2 to take office until and unless the County both seeks and obtains preclearance under 42 U.S.C. § 1973c of the polling place change it has instituted for county election precinct 2;

 (c) a permanent injunction, prohibiting the polling place change the County has instituted for county election precinct 2 from having any effect in the event that the preclearance is denied under 42 U.S.C. § 1973c;

 (d) a permanent injunction, requiring a new election for County Commissioner Place 2 for the term beginning January 1, 2007, in the event that preclearance is denied under 42 U.S.C. § 1973c);

 (e) an award of attorney fees to Plaintiff's under 42 U.S.C. § 1973l(e); and

 (f) an award of court costs.[7]

On December 14, 2006, plaintiffs also filed a request for appointment of a three-judge district court, arguing that under § 1973c, "claims that an electoral change is covered by [§ 1973c], and that

---

[5] Docket no. 1 at 1.

[6] Id.

[7] Id. at 6-7.

§ 1973c has been violated, are to be determined by a three-judge district court."[8] Plaintiffs contend the procedure for designating a three-judge district court is governed by 28 U.S.C. § 2284.[9] On December 15, 2006, plaintiffs filed their combined application for preliminary injunction, supporting memorandum of law, and request that a preliminary injunction issue "before January 1, 2007."[10]

On December 21, 2006, summons was issued as to Gonzales County.[11] On December 26, 2006, the District Court signed an order referring the case to United States Magistrate Judge Pamela Mathy "for disposition of all pretrial matters including any request for injunctive relief."[12]

On January 11, 2007, Gonzales County filed its answer in which the County admitted that "[d]ue to an inadvertent error, Defendant Gonzales County did not seek preclearance of the polling change," but asserts that it has now submitted a request for approval.[13] On January 22, 2007, the County filed a combined response to plaintiffs' pending request for convening a three-judge panel and application for preliminary injunction with request for expedited hearing, with exhibits in support.[14] Among other things, the County argues that a three-judge panel may not be required as resolution of the County's request under the Voting Rights Act for approval of the polling place changes should resolve the merits of plaintiffs' claims in the present suit and moot the request for

---

[8] Docket no. 2 at 1.

[9] Id.

[10] Docket no. 3.

[11] Docket no. 4.

[12] Docket no. 5.

[13] Docket no. 8.

[14] Docket no. 10.

injunctive relief. On January 25, 2007, plaintiffs filed their reply in which they argue, among other things, that decisions regarding "convening a three-judge court and whether a new election should be ordered, may await DOJ's Section 5 determination."[15]

**Discussion**

Based on the submissions of the parties, both sides appear to be in agreement that it would be premature for this Court at this time to decide whether it is appropriate to ask the Chief Judge of the United States Court of Appeals for the Fifth Circuit to designate a three-judge court or for the Court or that panel to determine whether the injunctive relief requested by plaintiffs should be awarded. Both sides also appear to agree this Court should await the determination of the United States Department of Justice regarding preclearance. Finally, both sides appear to agree that any determination of whether an award of attorneys' fees and costs is appropriate, in what amount, and for which parties, is a matter to be determined at the conclusion of the case.

Accordingly, **IT IS HEREBY ORDERED** that plaintiffs' request for convening of three-judge district court[16] and application for preliminary injunction and request for expedited hearing[17] are hereby **DENIED without prejudice** to plaintiffs re-filing same or similar requests and motions after the United States Department of Justice has completed its Voting Rights Act review and made a determination regarding preclearance.

---

[15] Docket no. 11 at 4.

[16] Docket no. 2.

[17] Docket no. 3.

**Motion to Dismiss**

On January 26, 2007, an Unopposed Motion to Dismiss Under Rule 41(a)(2) by Plaintiff Leslie Hastings was filed. Mr. Hastings moves to dismiss his claims against defendant Gonzales County without prejudice. The Court finds the unopposed motion has merit and should be granted.

Accordingly, **IT IS HEREBY ORDERED** that the Unopposed Motion to Dismiss (docket #14) is GRANTED and all claims in this case asserted by plaintiff Leslie Hastings are DISMISSED WITHOUT PREJUDICE.

**IT IS ALSO ORDERED** that the further disposition of this case is **STAYED** pending further Order of the Court and this case is **ADMINISTRATIVELY CLOSED** pending further Order of the Court.

**IT IS FURTHER ORDERED** that defendant Gonzales County shall file an advisory in this case within **thirty (30) calendar days** of being notified that the United States Department of Justice has made its final determination regarding preclearance so the case may be re-opened if further proceedings are necessary.

It is so **ORDERED**.

**SIGNED** this ___30___ day of January, 2007.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE